UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC, | ) ) ) | CASE NO. 1: 08 MC 84 |
| Petitioner, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| GEORGE T. RIVERA, | ) ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon a Motion to Compel Arbitration filed by Petitioner DaimlerChrysler. (ECF # 1.) For reasons set forth below, Petitioner's Motion is GRANTED.

## I. BACKGROUND

In the Motion to Compel Arbitration, filed on September 17, 2008, Petitioner asserts the following:

1. On March 3, 2006, Rivera entered into a Motor Vehicle Lease Agreement (the "Lease") with Slimans Sale and Service, Inc. ("Slimans"). The Lease was later assigned to Chrysler Financial.

2. Upon Rivera's default under the Lease, Chrysler Financial brought suit in the Municipal Court of Lorain, Ohio, to collect the resulting debt. Thereafter, the case was transferred to the Lorain County Court of Common Pleas.

3. On July 30, 2008, Rivera filed an amended answer and 14-count counterclaim and third-party complaint against Chrysler Financial and Slimans, with class action allegations. Among the substantive claims is a federal claim alleging a violation of the Consumer Leasing Act, 15 U.S.C. §§ 1601, 1667 *et seq.*

4. On September 10, 2008, Chrysler Financial voluntarily dismissed its complaint against Rivera.

5. The Lease contains an arbitration provision that expressly provides

that either party may compel the other to submit any disputes that "arise out of or relate to" the Lease to binding arbitration.

      6.    Rivera's counterclaim concerns disputes that "arise out of or relate to" the Lease, and therefore is subject to the Lease's compulsory arbitration provision.

      7.    Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, allows a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition a United States District Court for "an order directing that such arbitration proceed in the manner provided for in such agreement."

      8.    Under § 4, the motion to compel arbitration should be filed in a district court "which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties."

      9.    Jurisdiction over this motion to compel arbitration is alleged under 28 U.S.C. §§ 1331 and 1367.

      10.    Accordingly, Chrysler Financial requests that this Court enter an order directing the arbitration of Rivera's claims.

(*Id.* at 1-2.) In its Memorandum in Support of the Motion, Petitioner reiterates its understanding that the mere implication of the Federal Arbitration Act alone does not confer jurisdiction upon this Court. (*Id.* at 4.) To the contrary, Petitioner acknowledges that independent jurisdiction must exist. (*Id.*) To that end, Petitioner alleges federal jurisdiction over this matter pursuant to 28 U.S.C. §1331, "because Rivera brings a federal claim under the Consumer Leasing Act, 15 U.S.C. §§ 1601, 1640, 1667 *et seq.*, and under 28 U.S.C. § 1367, because Rivera's state-law claims are so related to the Consumer Leasing Act claim that they form part of the same case or controversy." (*Id.*)

Respondent filed an Opposition to Petitioner's Motion to Compel on October 1, 2008. (ECF # 6.) On October 10, 2008, Petitioner filed a Reply Brief in Support of its Motion to

2

Compel Arbitration. (ECF # 7.) Thus, the Motion has been briefed fully, and is ripe for review.

## II. DISCUSSION

Respondent makes several arguments in opposing the Motion to Compel. In particular, Respondent asserts that (1) this case is not removable and, hence, there exists no jurisdiction to hear Petitioner's Motion; (2) Petitioner is not an aggrieved party within the meaning of Section 4 of the Federal Arbitration Act; (3) Petitioner has waived its right to compel arbitration because it brought an action against Respondent in the state court, where it has litigated for well over a year; and (4) compelling arbitration in this case would violate public policy. (ECF # 6 at 1-2.)

For the reasons set forth below, the Court finds Respondent's Opposition to the Motion to be without merit. Accordingly, the Motion to Compel is GRANTED.

### A. This Court's Jurisdiction

The Court first examines Respondent's argument that this case is not removable and, hence, there exists no jurisdiction to hear the Motion to Compel. Although, as a general rule, a counterclaim raising a federal question does not create federal removal jurisdiction, removal is not the question here. Indeed, there exists no requirement in the Federal Arbitration Act that a party to seeking to compel an underlying state court case remove that case to federal court.

The question presented in this matter is whether the federal claim raised in Respondent's counterclaims in the state court provides subject matter jurisdiction sufficient to entertain Petitioner's Motion to Compel here. The Court answers this question in the affirmative. The Federal Arbitration Act requires only that the Court have original jurisdiction over the controversy between the parties. In the state court, Respondent's counterclaim alleges a violation of a federal statute, and his state law claims are so related to the federal statutory claim that they

3

are part of the same case or controversy. Accordingly, federal question jurisdiction exists independent of Petitioner's implication of the Federal Arbitration Act, and the Court shall not deny the Motion to Compel on this basis.

The Court acknowledges a split of authority on this issue, and the Sixth Circuit's suggestion in *Detroit Pension Fund v. Prudential Sec., Inc.*, 91 F.3d 26, 29-30 (1996) that the federal nature of claims submitted to arbitration "would not appear" to confer federal-question jurisdiction over an arbitration-related motion. Indeed, the United States Supreme Court has undertaken to resolve the issue of whether a federal court has jurisdiction over a motion to compel arbitration when the underlying case presents a federal question but diversity does not exist. *Vaden v. Discover Bank*, 128 S. Ct. 1651 (2008). The Court finds that, at this point in time, ample authority exists to support its finding that jurisdiction is proper in this instance. *See, e.g., Discover Bank v. Vaden*, 489 F.3d 594, 598-99 (4th Cir. 2007). Moreover, the Sixth Circuit's suggestion in *Detroit Pension Fund* does not alter this conclusion, as that matter was ultimately decided based upon diversity jurisdiction, which is not an issue here. *See Detroit Pension Fund*, 91 F.3d at 29.

### B. Whether Petitioner Is An Aggrieved Party

Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, allows a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition the district court for "an order directing that such arbitration proceed in the manner provided for in such agreement." Here, Respondent argues that Petitioner is not an aggrieved party within the meaning of Section 4 of the Federal Arbitration Act because it "never once .. either orally or in written correspondence, requested or moved to have this action

4

arbitrated." (ECF # 6 at 6.) Although Respondent raises a question as to whether Petitioner is an aggrieved party under the Federal Arbitration Act, at least one court addressing this issue has held that, because, *inter alia*, the party opposing arbitration counterclaimed in state court and resisted a motion to compel arbitration in federal court, the party seeking arbitration was indeed an aggrieved party. *See Vaden*, 489 F.3d at n. 20. In this case, Respondent filed Counterclaims in the state court and has resisted Petitioner's Motion to Compel Arbitration in this Court. These facts are sufficient to establish that Petitioner is aggrieved by Respondent's refusal to arbitrate within the meaning of the Federal Arbitration Act. *See id.*

### C. Waiver And Public Policy

Respondent combines the waiver and public policy arguments, asserting that the waiver doctrine was formulated to ensure that the right to arbitrate yields when justified by public policy considerations. (ECF # 6 at 8 (quotations and citation omitted).) Although this Court agrees that a party to a contract may waive its right to arbitrate arising thereunder because it "actively participates in litigation or acts inconsistently with its right to proceed with arbitration," the party suggesting a waiver carries a heavy burden. *Systran Finan. Servs. v. Giant Cement Holding*, 252 F. Supp. 2d 500, 506-508 (N.D. Ohio 2003). A review of the state court docket reveals that there has been no extensive litigation in that case. Furthermore, Respondent has not shown prejudice sufficient to demonstrate that a finding of waiver is proper in these circumstances. Thus, Respondent has not satisfied the heavy burden of demonstrating waiver under the facts of this case.

### III. CONCLUSION

Based upon the foregoing, the Motion to Compel is GRANTED. (ECF # 1.) The parties

are hereby directed to arbitrate the remaining claims in the manner provided for in the Motor Vehicle Lease Agreement. This is action is hereby TERMINATED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 22, 2008